[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16661
Non-Argument Calendar
_____

D. C. Docket No. 04-21204-CV-PAS

HOWARD LEONARD TAYLOR,

Plaintiff-Appellant,

versus

JAMES G. ROCHE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 12, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Howard Taylor, an African-American male, brought this law suit against James

Roche in his official capacity as Secretary of the Department of the Air Force, claiming discrimination on the basis of race and color and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 2000e-3. His complaint[1] contained five counts. Count I alleged that because of his race and color he was not selected for a lateral transfer to the position of Quality Assurance Weapons Inspector; Count II alleged that for the same reason he was not selected for promotion to the position of Weapons Loading Supervisor. Counts III and IV alleged that after he filed a formal complaint of discrimination with the Secretary, the Air Force retaliated against him by subjecting him to adverse employment actions (Count III) and by creating a hostile work environment (Count IV). Finally, in Count VI, he alleged that by compelling him to take disability retirement, the Air Force constructively discharged him.[2]

The Secretary's answer to Taylor's complaint denied liability and alleged that the challenged employment decisions were made for legitimate non-discriminatory reasons. Following discovery, the Secretary moved the district court for summary judgment. The court granted his motion, and Taylor took this appeal.

---

[1] The complaint before us is Taylor's amended complaint.

[2] The amended complaint did not include a Count 5.

Taylor does not appeal the court's disposition of Count I. Rather, he seeks the vacation of summary judgment on Counts II, III, IV and VI. We first address Count II, the failure to promote claim.

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Where a plaintiff attempts to prove discrimination by circumstantial evidence, his claims are subject to the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, the plaintiff must first create an inference of discrimination by establishing a prima facie case. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. If the plaintiff successfully creates such inference, the burden shifts to the employer to articulate a legitimate nondiscriminatory basis for the employment action. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). If the employer meets this burden, the plaintiff must show by a preponderance of the evidence that the proffered reasons were a pretext for the alleged discrimination. Id. at 768.

In the context of a promotion, "[a] plaintiff must show that the disparities between the successful applicant's and [his] own qualifications were 'of such

3

weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" Brooks v. County Commission, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Cooper v. Southern Co., 390 F.3d 695, 732 (2005), as approved by Ash v. Tyson Foods, Inc, 126 S.Ct. 1195, 1197, 163 L.Ed.2d 1053 (2006).

The Secretary concedes that Taylor established a prima facie case of discrimination on Count II. Notwithstanding that concession, we find no error in the district court's determination that Taylor failed to show that the Air Force's proffered legitimate, nondiscriminatory reasons for failing to promote him were pretextual. First, Taylor did not meet his burden of showing that the disparities between his qualifications and those of the candidate who was promoted were so significant that no reasonable person could have chosen the other individual. It is undisputed that the individual who received the promotion spent more than ten years as a weapons loader and gained experience in the intricacies of the F-16 aircraft while working as a Crew Chief. Second, Taylor has provided no evidence that the Air Force did not believe that the individual who was promoted was qualified for the position. Taylor admitted that both and he and the other candidate were on the certified list of qualified candidates that the Air Force decision-maker received. Therefore, it was reasonable for the decision-maker to believe that all the

candidates on the list were eligible for the position.  Finally, Taylor failed to show that the Air Force's assertion that his poor attitude during his interview was a pretext for discrimination.  We therefore affirm the grant of summary judgment on Count II.  We turn, then, to the claims of retaliation, beginning with Count III.

Title VII  prohibits an employer from retaliating against an employee "because [the employee] has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this sub-chapter [of Title VII]." 42 U.S.C. § 2000e-3(a).  To establish a prima facie case of retaliation under the McDonnell Douglas framework, a plaintiff must show (1) participation in protected activity; (2) an adverse employment action; and (3) a causal connection between the two.  Cooper, 390 F.3d at 740.  To establish an adverse employment action, "an employee must show a serious and material change in the terms, conditions, or privileges of employment . . . [,] as viewed by a reasonable person in the circumstances."  Davis v. Town of Lake Park, Florida, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original).  A "plaintiff must show that a reasonable employee would have found the challenged action materially adverse."  Burlington N. & Santa Fe Ry. Co. v. White, __ U.S. __, 126 S.Ct. 2405, 2415 (2006) (retaliation case).  The Supreme Court noted that it phrased the standard in

"general terms because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." Id. For example, "[a] schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school age children." Id. A transfer that results in a diminished opportunity for increases in salary constitutes an adverse employment action. See Bass v. Board of Commissioners of Orange County, Fla., 256 F.3d 1095, 1118-19 (11th Cir. 2001).

To establish a causal connection between participation in a protected activity and adverse employment action, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000) (quotations omitted). A substantial delay between the protected activity and the negative employment action, where there is no other evidence of causation, is insufficient to establish a causal connection. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001).

In the case at hand, we conclude that the district court erred in concluding that Taylor failed to establish a prima facie case of retaliation based on the denial of Taylor's shift-change request.[3] First, Taylor's supervisor's repeated refusal to

_____

[3] After he filed his EEO claim of discrimination, Taylor repeatedly asked his supervisor to transfer him to the night shift. He did not receive the transfer. He claims that his supervisor's

6

transfer Taylor to the night shift constituted an adverse employment action. In considering the context, as we must under Burlington, and drawing all inferences in Taylor's favor, a reasonable worker who (1) had experienced a tense work environment with a particular supervisor; (2) had requested a return to the shift he previously worked before serving abroad in order to take his children to school and avoid a tense environment; and (3) whose request was denied for more than one year, would have considered his employer's actions a significant change in the terms and conditions of employment.

In addition, Taylor established a causal connection between his supervisor's failure to transfer him to the night shift and his EEO complaint because when Taylor asked for a shift change, the supervisor commented that Taylor should have thought about the consequences before filing his complaint, which suggests that his supervisor's decision was not wholly unrelated to the filing. Finally, there is a genuine issue of material fact as to the supervisor's reason for refusing to transfer Taylor to the night shift in 2001. The supervisor asserted that there were no openings available in 2001, but Taylor provided evidence, which, if viewed in the light most favorable to him, shows that he was ultimately transferred after his attorney wrote a letter to the Air Force and a Judge Advocate ordered that he be

---

refusal to grant it was in retaliation for his filing of the claim of discrimination.

transferred.

We conflate counts IV and VI because both counts allege that Taylor was subjected to a hostile work environment and both seek essentially the same relief. Count IV alleges that Taylor was retaliated against via a hostile work environment; Count IV alleges that he was constructively discharged due to such hostile work environment and because the Air Force compelled him to take disability retirement. As the district court observed, the real reason for Taylor's discharge/retirement was his "extremely serious 20-year old injury" that Taylor admitted was causing him "excruciating" pain. A constructive discharge only occurs when the employer imposes working conditions that are "so intolerable that a reasonable person in [the employee's] position would have been compelled to resign." Fitz v. Pugmire, 348 F.3d 974, 977 (11th Cir. 2003).

Here, the district court committed no error in rejecting the Counts IV and VI claims. Taylor adduced no evidence indicating that his working conditions were so intolerable that a reasonable person in his position would have been compelled to resign. And it is clear that he retired due to the injury the district court observed.

In sum, we affirm the district court's judgment on Counts II, IV and VI. We vacate the court's judgment on Count III and remand that count for further proceedings.

SO ORDERED.