[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12176
Non-Argument Calendar

_____

D. C. Docket No. 05-00004-CV-M-N

CHARLIE F. HUDSON, II,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,
Agency,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(September 25, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Charlie Hudson, an African-American male, appeals pro se the summary judgment against his complaint of disparate pay based on racial discrimination against his employer, the Federal Bureau of Prisons, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Hudson argues that the nondiscriminatory reason proffered by the Bureau for Hudson's pay was pretextual. We affirm.

## I. BACKGROUND

Hudson, an employee at the federal prison camp in Montgomery, Alabama, was promoted to Supervisor of Education at pay grade GS-11. When Hudson learned that Chris Davis, a white male Supervisor of Education at the Bryan, Texas, federal prison camp, was classified at pay grade GS-12, Hudson sought reclassification as a GS-12. After his request was denied several times, Hudson filed complaints with the Department of Justice and the EEOC.

Hudson then sued the Bureau for intentional racial discrimination and alleged that he received a lower pay grade than a similarly situated white male, Chris Davis. The Bureau asserted that Davis was paid more because his position was more complex: in addition to the Supervisor of Education duties common to Davis and Hudson, Davis's responsibilities included overseeing the Intensive

Confinement Center at the Bryan prison camp.  The district court granted summary judgment in favor of the Bureau.

## II. STANDARD OF REVIEW

We review a grant of summary judgment <u>de novo</u> and view the evidence in the light most favorable to the nonmoving party.  <u>Brooks v. County Comm'n of Jefferson County</u>, 446 F.3d 1160, 1161-62 (11th Cir. 2006).  Summary judgment should be granted if "the pleadings, depositions, answers to interrogations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Hudson relies upon circumstantial evidence of racial discrimination based on the framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824-25 (1973).  If a Title VII plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.  <u>Id.</u>; <u>Rojas v. Florida</u>, 285 F.3d 1339, 1342 (11th Cir. 2002).  If the employer articulates a legitimate, nondiscriminatory reason for its actions, "the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason

3

of the employer is a pretext for illegal discrimination." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255-56, 101 S. Ct. 1089, 1094-95 (1981).  The plaintiff must meet the reason proffered head on and rebut it.  Wilson, 376 F.3d at 1088.  The district court assumed that Hudson had established a prima facie case, but concluded that he failed to rebut the legitimate, nondiscriminatory reason proffered by the Bureau.

The Bureau produced evidence that Davis was paid more because his position, based on objective criteria, was more complex.  The evidence included a declaration from the Classification and Compensation Specialist that explained the differences between Davis's and Hudson's positions.  This evidence satisfied the burden of production of the Bureau and shifted the burden to Hudson to establish pretext.

Hudson failed to offer evidence of pretext.  Hudson argues that his own position was more complex than Davis's and that Davis was actually paid more because of a special accommodation that the Bureau made for him when his previous position at grade GS-13 was eliminated.  The problem with these arguments is that they do not rebut the reason proffered by the Bureau.  Although Hudson asserts that his position was more complex based on criteria not used by

4

the Bureau, the declaration of the Classification and Compensation Specialist, which Hudson also submitted to the district court, explains that the Montgomery education programs had between 100 and 200 students and between 10 and 20 courses, while the Bryan programs had 400 students and 50 courses. Likewise, the possibility that the Bureau made a special accommodation for Davis after his previous position was eliminated does not rebut the legitimate reason proffered by the Bureau for the pay differential. Because Hudson did not rebut the legitimate, nondiscriminatory reason proffered by the Bureau for its action, the district court correctly granted summary judgment against Hudson's complaint.

## IV. CONCLUSION

The summary judgment in favor of the Bureau and against Hudson is **AFFIRMED.**