[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15201
Non-Argument Calendar

_____

D. C. Docket No. 03-02296-CV-P-S

DELORES M. BROOKS,

Plaintiff-Appellant,

versus

COUNTY COMMISSION OF JEFFERSON COUNTY, ALABAMA, THE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 18, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Delores M. Brooks, a white female, appeals the district court's grant of

summary judgment to her employer, the County Commission of Jefferson County,

Alabama, ("the County") on her claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2. On appeal, Brooks argues the district court erred by finding she did not establish that the County's proffered reason for not promoting her was a pretext for discrimination. After careful review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). To warrant the entry of summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because Brooks relies on circumstantial evidence to establish her disparate treatment claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against her." EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)). Second, if the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crabs, 296 F.3d at 1272. We proceed to

3

the third step of the analysis once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, and "[our] inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (citing Burdine, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. at 1273.

After assuming that Brooks met her initial prima facie burden, the district court proceeded to the second step of the McDonnell Douglas inquiry and held that the County articulated legitimate, non-retaliatory reasons for failing to promote Brooks to the Budget Management Officer position -- namely, that the person who received the promotion, Tracie Hodge, a black female, was more qualified based, in part, on her experience serving as the interim Budget Management Officer. At the third step of the inquiry, to establish pretext, Brooks had to

> demonstrate that the proffered reason was not the true reason for the employment decision . . . [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proferred explanation is unworthy of credence.

4

Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005)

(alteration in original) (quotations and citation omitted).  Thus, Brooks had to

produce sufficient evidence to allow a reasonable finder of fact to conclude that the

County's articulated reasons were not believable.  Id.  She could do this by

pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or

contradictions" in the proferred explanation.  Id.

"[T]o avoid summary judgment [the plaintiff] must introduce significantly

probative evidence showing that the asserted reason is merely a pretext for

discrimination."  Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir.

1993) (citation omitted).  A reason is not pretext for discrimination "unless it is

shown both that the reason was false, and that discrimination was the real reason."

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).  In the context of a

promotion:

> a plaintiff cannot prove pretext by simply arguing or even
> by showing that he was better qualified than the officer
> who received the position he coveted. A plaintiff must
> show not merely that the defendant's employment
> decisions were mistaken but that they were in fact
> motivated by race. We have explained, a plaintiff may
> not establish that an employer's proffered reason is
> pretextual merely by questioning the wisdom of the
> employer's reasons, at least not where . . . the reason is
> one that might motivate a reasonable employer.

5

Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000) (internal quotations omitted).

Here, we readily conclude that the County's proffered reasons -- Hodge's superior qualifications and the firsthand experience she attained during her tenure as the interim Budget Management Officer -- were legitimate and non-discriminatory in nature. Thus, the burden shifted to Brooks to "meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transp., 229 F.3d at 1030 (discussing ADEA claim). A plaintiff must show that the disparities between the successful applicant's and her own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Cooper v. S. Co., 390 F.3d 695, 732 (11th Cir. 2004), cert. denied, 126 S. Ct. 478 (2005) (citation omitted); see also Ash v. Tyson Foods, Inc., 126 S. Ct. 1195, 1197 (2005) (per curiam) (approving of this language from Cooper).

On this record, Brooks did not meet her burden under Cooper to show that the disparities between her qualifications and Hodge's qualifications were so severe that no reasonable person could have chosen Hodge over her. Indeed, Brooks offered no evidence to challenge the County's evidence that Hodge was

6

hired based on her experience and firsthand knowledge related to the position. And our inquiry at the third stage of the McDonnell Douglas analysis of a promotion discrimination claim is not concerned with Brooks's belief that she was more qualified or whether we could conclude that she was better qualified than Hodge. See Cooper, 390 F.3d at 744 (noting plaintiff's reliance on her own belief that she was better qualified than promotee and observing that "whether we could conclude [the plaintiff] was better qualified than [the promotee] is not the issue here").

It was undisputed that Hodge had several years' experience in the Budget Management Office (BMO), and had temporarily served as the Budget Management Officer. Brooks, on the other hand, had never served in the BMO and lacked experience in performing many of the Budget Management Officer's duties. Under the standard announced in Cooper, Brooks did not put forth evidence that discrimination was the real reason for the County's decision. On this record, Brooks did not establish that the County's proffered reason was pretextual, nor did she indirectly show that the proffered reason was "unworthy of credence." Jackson, 405 F.3d at 1289. Accordingly, the County was entitled to summary judgment in its favor.

**AFFIRMED.**

7