[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 8, 2006
THOMAS K. KAHN
CLERK

No. 05-16633
Non-Argument Calendar
_____

D. C. Docket No. 04-00133-CV-2

WILLIAM MILLEDGE,

Plaintiff-Appellant,

CATO WALTHOUR, et al.,

Plaintiffs,

versus

RAYONIER, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 8, 2006)**

Before TJOFLAT, MARCUS and WILSON , Circuit Judges.

PER CURIAM:

William Milledge, an African-American male, appeals the district court's entry of summary judgment in favor of Rayonier, Inc. ("Rayonier"), on his claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2.[1]  On appeal, Milledge argues the district court erred by finding he did not establish that Rayonier's proffered reasons for not promoting him were a pretext for discrimination.[2]  We affirm.

We review a district court's grant of summary judgment <u>de novo</u>, viewing the evidence in the light most favorable to the party opposing the motion.  <u>Patrick v. Floyd Med. Ctr.</u>, 201 F.3d 1313, 1315 (11th Cir. 2000).  Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] Cato Walthour, Samuel Walthour, and Cornell Shaw also were named plaintiffs on Milledge's original complaint.  The district court severed the other plaintiffs from Milledge.  Cato and Samuel Walthour's claims proceeded separately and the court granted summary judgment in favor of Rayonier.  The Walthours' appeal is currently before us under a separate appeal number, case number 05-17054-HH.

[2] Milledge mentions his hostile-work-environment claim in the issue statement of his brief, but fails to address this issue in his argument section.  Accordingly, Milledge has abandoned this issue by failing to develop an argument in his initial brief.  <u>See</u> <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding that issue listed in the statement of facts but not elaborated upon in initial or reply briefs was abandoned).  Likewise, by failing to address the entry of summary judgment on his claim for intentional infliction of emotional distress claim, Milledge has abandoned that claim.  <u>See</u> <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1322 (11th Cir. 2001) (holding that issues not clearly raised in initial briefs are considered abandoned).

entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). To warrant the entry of summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because Milledge relied on circumstantial evidence to establish his claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981).[3]

---

[3] As for Milledge's suggestion in his brief that he established a pattern or practice of discrimination, he failed to raise this legal theory in the district court and, accordingly, we will not consider it for the first time here. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Moreover, the record belies Milledge's claim that he presented direct evidence in support of his claims. From our review of the record, we discern no such direct evidence and thus conclude the district court correctly applied the burden-shifting analysis for claims based on circumstantial evidence.

3

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against [him]." EEOC v. Joe's Stone Crab, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Gov'rs. v. Aikens, 460 U.S. 711, 714 (1983)). Second, if the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crab, 296 F.3d at 1272. We proceed to the third step of the analysis once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, and "[our] inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (citing Burdine, 450 U.S. at 255-56).

On appeal, Milledge argues that Rayonier's proffered reasons at the second step of the McDonnell Douglas analysis were a pretext for discrimination. To establish pretext, Milledge must demonstrate that the proffered reasons were not

4

the true reasons for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005)). Milledge must show that the disparities between his qualifications and the qualifications of the person who received the promotion, Susan Stewart, were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Id. (quoting Cooper v. S. Co., 390 F.3d 695, 732 (11th Cir. 2004), cert. denied, 126 S. Ct. 478 (2005)).

"[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). A reason is not pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). In the context of a promotion:

> a plaintiff cannot prove pretext by simply arguing or even
> by showing that he was better qualified than the officer

who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race. We have explained, a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that might motivate a reasonable employer.

Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000) (internal quotations omitted).

From our review of the record before us, we discern no error in the district court's finding that Milledge failed to establish that Rayonier's reasons for failing to promote him -- these reasons included Milledge's negative past performance ratings as a relief supervisor, the counseling sessions he underwent after serving as a relief supervisor, and Stewart's prior supervisory experience, her Bachelor of Science degree in chemistry, and her "excellent" past performance ratings -- were a pretext for discrimination. At best, Milledge's account of the facts, taken as true, may show that he was qualified for the position, but not that there was such a disparity between his and Stewart's qualifications that no reasonable person would have chosen her over him, or that Rayonier's real reason for the hiring decision

6

was discrimination.   <u>Brooks</u>, 446 F.3d at 1163.  Accordingly, we affirm the entry of summary judgment to Rayonier.[4]

**AFFIRMED.**

---

[4]The Federal Rules of Appellate Procedure specify that within 10 days after filing a notice of appeal, the appellant must either "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary" or "file a certificate stating that no transcript will be ordered." Fed. R. App. 10(b)(1). Rule 10(b)(2), in turn, specifies that: "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. 10(b)(2). It is well-settled that the appellant bears the burden of ensuring that the record on appeal is complete, and we will affirm the district court's judgment where a failure to discharge that burden prevents the Court from reviewing the district court's decision. <u>See</u> <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002); <u>Borden, Inc. v. Fla. E. Coast Ry. Co.</u>, 772 F.2d 750, 758 (11th Cir. 1985). This is known as the "absence-equals-affirmance rule." <u>Selman v. Cobb County School Dist.</u>, 449 F.3d 1320, 1333 (11th Cir. 2006). The rationale behind this rule "is that where it is the appellant's fault that an appellate court cannot properly carry out its review the appellant is the one who should suffer the consequences, and inflicting them encourages proper preparation and presentation of the record on appeal." <u>Id.</u>

On December 12, 2005, Milledge's attorney returned a transcript order form suggesting that no transcripts were required for this appeal. In light of the district court's reliance on numerous depositions in its summary judgment order, as well as the parties' briefs on appeal, including Milledge's own brief, which repeatedly reference deposition testimony and exhibits used during the depositions, we observe that it is <u>plain</u> that the deposition materials are required for meaningful appellate review of many of the Milledge's arguments. We highlight that in reaching our decision to affirm the district court, we have given Milledge the benefit of the doubt and reviewed the deficient record provided to us. Application of the "absence-equals-affirmance rule" would yield the same result, albeit with the expenditure of less judicial resources.