[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12896
Non-Argument Calendar

_____

D. C. Docket No. 05-14220-CV-FJL

LEE MCCASKILL,
d.b.a. Before & After Weight Loss Clinic,
BELLY BUSTER DIET, INC., et al.,

Plaintiffs-Appellants,

versus

MARGOT L. RAY,
a.k.a. Meg Moodley
d.b.a. Valley Weight Loss,

Defendant-Appellee.

_____

No. 07-13724
Non-Argument Calendar

_____

D. C. Docket No. 05-14220-CV-FJL

LEE MCCASKILL,
d.b.a. Before & After Weight Loss Clinic,
BELLY BUSTER DIET, INC., et al.,

versus

MARGOT L. RAY,
a.k.a. Meg Moodley,
d.b.a. Valley Weight Loss,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(May 30, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Lee McCaskill appeals the district court's grant of summary judgment in favor of Margot Ray in McCaskill's suit alleging copyright infringement, in violation of 17 U.S.C. § 101, *et. seq.*, false designation of origin, in violation of 15 U.S.C. § 1125, theft of trade secrets, in violation of § 688.001, *et.seq.*, Fla. Stat., and breach of an employment agreement. McCaskill raises several issues on appeal, which we address in turn. After *de novo* review,[1] we affirm in part, and vacate and remand in part.

## I.

McCaskill first asserts the district court erred by considering Ray's exhibits because they were inadmissible. She contends the exhibits were unauthenticated, irrelevant, and constituted inadmissible hearsay. Inadmissible hearsay generally "cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). The exception is that otherwise admissible evidence may be "submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996) (emphasis omitted).

---

[1] We review a district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c).

3

Under Federal Rule of Evidence 801(c), hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Generally, hearsay is not admissible. Fed. R. Evid. 802. There are some exceptions to the hearsay rule, such as the business record exception. A business record is admissible if it was "kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the" record. Fed. R. Evid. 803(6). However, the business record must be supported by testimony of a "custodian or other qualified witness, or by certification that complies with [Fed. R. Evid.] 902(11)." *Id.*

Under Federal Rule of Civil Procedure 56(e), affidavits, supporting or opposing summary judgment, must be made on personal knowledge and must set forth facts that would be admissible evidence. *Macuba*, 193 F.3d at 1323; Fed. R. Civ. P. 56(e). Unsworn statements, even from *pro se* parties, should not be "consider[ed] in determining the propriety of summary judgment." *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).[2] Federal law does provide an alternative to making a sworn statement, but requires the statement include a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

handwritten averment, signed and dated, that the statement is true under the penalties of perjury.  28 U.S.C. § 1746.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence that is not relevant is inadmissible.  Fed. R. Evid. 402.

Ray's exhibits constituted hearsay.  First, they were offered for their truth: that Metabolic Research Center (MRC), not McCaskill, had authored the documents.  The statements in the documents established another entity allegedly authored the documents because various company logos appear on the faces of the documents.  Second, the documents would not be admissible at trial under an exception to the hearsay rule because Ray's exhibits do not fall under the business record exception.  Ray did not include an affidavit of a custodian or other qualified witness or certification in compliance with Federal Rule of Evidence 902(11).  Further, Ray has not established her exhibits were otherwise admissible.  Thus, Ray's exhibits constituted inadmissible hearsay, and the district court erred in considering them.  *See Macuba*, 193 F.3d at 1322; *McMillian*, 88 F.3d at 1584.

Additionally, Ray did not submit any sworn statements in support of, or in opposition to, summary judgment.  Thus, Ray failed to comply with Federal Rule

5

of Civil Procedure 56(e). Further, Ray did not comply with 28 U.S.C. § 1746 because she did not attempt to make an unsworn declaration under penalty of perjury. Thus, Ray's unsworn allegation McCaskill worked for MRC and Ray had personal knowledge McCaskill had used copies of MRC documents at Before and After should not have been considered. *See Gordon*, 622 F.2d at 123.

Finally, the relevant time period in this case is January 2002 to June 2004, the length of Ray's employment at Before and After. Only Ray's copy of the alleged MRC document entitled "Meta-Slim Days 1 Through 4" diet with a copyright date of 1990 and a revised copyright date of February 2003, was facially relevant. The other two alleged MRC documents had a revised copyright date of April 2005, which is after the relevant time frame in this case. Also, the Health Wise documents did not contain any date of authorship or a copyright date. Thus, this evidence was irrelevant and inadmissible. *See* Fed. R. Evid. 402. However, even if one of the documents was facially relevant, as noted above, the district court erred in considering any of Ray's exhibits because they constituted inadmissible hearsay and were not authenticated pursuant to Federal Rule of Civil Procedure 56(e). Thus, the district court erred in considering this hearsay evidence in its grant of summary judgment.[3]

---

[3] McCaskill also argues the district court erred by impermissibly weighing conflicting evidence and making a credibility assessment. "Credibility determinations, the weighing of the

## II.

McCaskill next contends the district court erred because there was a genuine issue of material fact as to the originality of McCaskill's copyrighted materials. "[A]n author has a valid copyright in an original work at the moment it is created—or, more specifically, fixed in any tangible medium of expression." *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 823 n.1 (11th Cir. 1982) (citing 17 U.S.C. § 102(a)). "[C]opyright registration is not a prerequisite to copyright protection." *Id.* Moreover, registration of a copyright "is not obligatory, although registration is a prerequisite to an infringement suit in certain circumstances and also is a prerequisite to certain infringement remedies." *Id.* (citing 17 U.S.C. §§ 408, 411, and 412).

"To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 111 S. Ct. 1282, 1287 (1991). "[T]he requisite level of

---

evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2110 (2000) (quotations omitted). This argument is basically another argument the court impermissibly considered Ray's exhibits because they were not authenticated. As noted above, the court erred by considering Ray's unsworn statements and exhibits.

7

creativity is extremely low." *Id.* Moreover, facts are not copyrightable. *Id.* However, factual compilations may be sufficiently original to be copyrightable. *Id.* at 1289. An author's "choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity," are copyrightable. *Id.* However, copyright protection extends only to the elements of the work that are original to the author. *Id.*

In order to establish a *prima facie* case for copyright infringement, a plaintiff must show (1) she owns a valid copyright and (2) the defendant copied constituent elements of the copyrighted work that are original. *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (quotations omitted). To establish copying, a plaintiff must show the defendant had access to plaintiff's work and defendant's work is so substantially similar to plaintiff's "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *See Original Appalachian Artworks, Inc.*, 684 F.2d at 829 (quotations omitted). "[P]roof of access and substantial similarity raises only a presumption of copying which may be rebutted by the defendant with evidence of independent creation." *Id.* Moreover, copyright infringement "is generally a question of fact for the jury to decide." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1213 (11th Cir. 2000). If made before or within five years of publication, registration of

8

copyright establishes *prima facie* evidence in court of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

The district court correctly found McCaskill had a valid copyright and Ray had admitted to using McCaskill's documents. As the court found, the underlying facts in Before and After's materials were not copyrightable. *See Feist Publications, Inc.*, 111 S. Ct. at 1287. However, as the court also found, McCaskill's independent choices as to selection and arrangement of the diet facts would be copyrightable. *See id.* at 1289. The district court, however, did not substantively analyze the similarity between McCaskill's works and Ray's works, because it found Ray did not dispute the "probative similarity" between Ray's handout materials and McCaskill's materials. Rather, the district court focused on the differences between McCaskill's work and MRC's work. The district court reasoned if McCaskill had copied from MRC, then Ray could copy McCaskill's works to the same extent and not be guilty of copyright infringement.

The district court erred in granting summary judgment to Ray on the claim of copyright infringement because McCaskill established a *prima facie* case that Ray failed to rebut. First, McCaskill established, and indeed the district court found, she had a valid copyright. Second, Ray admitted to using McCaskill's works. Further, McCaskill established copying because Ray admitted to having

9

access to McCaskill's work when Ray admitted to keeping a notebook of McCaskill's works. As the district court found, Ray's diet instructions were identical to McCaskill's and Ray's "De-Tox Menu" and daily menus were "essentially the same" except for minor changes in wording and color coding. Moreover, Ray's document listing measurements taken before and after dieting is identical to McCaskill's except that Ray's does not contain Before and After's name and copyright notice, and Ray's document replaced Before and After's logo with Valley's. In fact, the district court found Ray did not dispute "the 'probative similarity' between her hand-out materials" and McCaskill's. Thus, because McCaskill showed she owned a valid copyright and Ray had copied constituent elements of the copyrighted work, McCaskill established a *prima facie* case of copyright infringement that Ray failed to rebut.[4] *See Calhoun*, 298 F.3d at 1232. Because Ray failed to rebut McCaskill's *prima facie* case, the district court erred in granting summary judgment to Ray. Thus, we vacate and remand as to the issue of copyright infringement.

---

[4] McCaskill asserts the district court erred by considering the question of originality of her works because she produced a Certificate of Registration. A valid copyright is a necessary but not sufficient condition to establishing a *prima facie* case of copyright infringement. As noted above, to establish a *prima facie* case of copyright infringement, a plaintiff must show (1) she owns a valid copyright and (2) the defendant copied constituent elements of the copyrighted work that are original. *Calhoun*, 298 F.3d at 1232. Accordingly, the district court would necessarily have to consider originality in determining whether Ray had copied original elements in McCaskill's works.

10

**III.**

McCaskill asserts the district court erred in granting summary judgment to Ray on the claim of false designation of origin because the court considered and relied upon unauthenticated hearsay exhibits. McCaskill further contends the court erred because it tied its finding regarding false designation of origin to its erroneous finding that McCaskill's copyright infringement claim failed.

Under 15 U.S.C. § 1125, false designations of origin are prohibited. "To establish a prima facie case under § 1125(a), a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Custom Mfg. and Engineering, Inc. v. Midway Services, Inc.*, 508 F.3d 641, 647-48 (11th Cir 2007).

McCaskill mentions nothing about the district court's finding against her that she failed to show any demonstrable evidence of actual consumer confusion or harm. Rather, McCaskill challenges the district court's grant of summary judgment only on the ground the district court erroneously ruled on her copyright infringement claims. Thus, McCaskill has abandoned any argument regarding an element of false designation of origin because she failed to dispute consumer confusion. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th

11

Cir. 2004) (stating "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed"). Further, McCaskill makes no mention on appeal of the district court's entry of summary judgment in favor of Ray on McCaskill's trade secret claim under § 688.001, Fla. Stat. Thus, McCaskill has also abandoned this argument. *See id.* We affirm the district court's grant of summary judgment to Ray on McCaskill's false designation of origin and trade secret claims.

**IV.**

McCaskill asserts the district court erred in granting summary judgment to Ray on the claim of breach of employment agreement because, by definition, copyrighted material is proprietary material. In relevant part, under 17 U.S.C. § 106, subject to certain limitations, the owner of a copyright has the exclusive rights to do and authorize reproduction, prepare derivative works, and distribute copies. *See* 17 U.S.C. § 106 (1)-(3).

The district court did not address the phrase "proprietary information" in Ray's employment agreement that prohibited Ray from divulging "proprietary, confidential, and/or trade secret information." Rather, the district court only addressed trade secrets and confidential information.

The record reflects (1) Ray signed the employment agreement; (2) McCaskill owned copyrights in documents she used at Before and After; and (3) Ray used some of McCaskill's documents. Accordingly, the district court erred in finding Ray had not violated the terms of the clause prohibiting Ray from "divulging any proprietary. . . .information in the entire area of North America at any time without prior written consent from [McCaskill]." There was at least a genuine issue of material fact as to whether Ray violated the terms of the employment agreement by divulging McCaskill's copyrighted works. Accordingly, we vacate and remand to the district court as to this ground.[5]

**V.**

In conclusion, we vacate and remand the district court's grant of summary judgment in favor of Ray as to the claims of copyright infringement and breach of employment agreement as to the issue of whether Ray used McCaskill's proprietary information. We affirm the district court's grant of summary judgment in favor of Ray as to the claims of false designation of origin, theft of trade secrets,

---

[5] The district court also found Ray was entitled to summary judgment on the claim of breach of the employment agreement as to the non-competition clause. McCaskill has not challenged this on appeal. Thus, McCaskill has abandoned her argument. *See Access Now, Inc.*, 385 F.3d at 1330. Accordingly, this Court affirms the district court's grant of summary judgment in favor of Ray as to the non-competition clause.

and breach of employment agreement as to the issue of whether Ray violated the agreement's non-competition clause.

**AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.**