[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 23, 2008
THOMAS K. KAHN
CLERK

No. 07-14913
Non-Argument Calendar

_____

D. C. Docket No. 06-00238-CV-HLM-4

ALEA LONDON LIMITED,

Plaintiff-Appellee,

versus

TONY F. COOK,
individually and d.b.a. T.F. Cook Construction,

Defendant-Third-
Party-Plaintiff-
Appellant,

JAMES MATTHEW HOOVER,

Defendant-Appellant,

EMERGENCY WATER EXTRACTION SERVICE, LLC.,
d.b.a. EWES, et al.,

Defendants,

versus

SPENCER & ASSOCIATES, INC.,

Third-Party-Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(July 23, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of Alea London Limited ("Alea") in a declaratory judgment action. The district court based it's grant of summary judgment on the fact that the insured, Tony F. Cook ("Cook"), on a commercial general liability policy issued by Alea, failed to give notice to Alea of an accident, which was the basis for an underlying action in Georgia state court as required by the insurance policy. The district court further found that Cook had demonstrated no reasonable justification or excuse for failing to provide notice.

We review a district court's grant of summary judgment *de novo. Brooks v. County Comm'n of Jefferson County, Ala.,* 446 F.3d 1160, 1161 (11th Cir. 2006).

Summary judgment is warranted when there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(c).

After reviewing the record and reading the parties' briefs, we agree with the district court that Alea was entitled to summary judgment based on Cook's failure to comply with the policy's notice requirements.

AFFIRMED.