[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2009
THOMAS K. KAHN
CLERK

No. 09-11283
Non-Argument Calendar

_____

D. C. Docket No. 06-00135-CV-4-RH-WCS

CEASAR WHITE, JR.,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF HIGHWAY SAFETY
& MOTOR VEHICLES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 1, 2009)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ceasar White, Jr., proceeding pro se, appeals from the district court's order granting summary judgment to the Florida Department of Highway Safety and Motor Vehicles ("FDHSMV") on his racial discrimination failure-to-hire and unlawful retaliation claims. For the reasons set forth below, we affirm.

**I.**

White, an African American, filed this pro se employment discrimination action against FDHSMV, pursuant to Title VII of the Civil Rights Act of 1964.[1] He generally alleged that FDHSMV discriminated against him on the basis of race by failing to hire him as a Florida State Trooper. White subsequently filed a second amended complaint, in which he alleged that, in response to filing this lawsuit, FDHSMV retaliated against him by refusing to allow him to re-apply for the position.

After approximately two years of litigation, the parties each filed a motion for summary judgment. In his motion, White asserted, inter alia, that several white males were hired by FDHSMV, despite adverse information in their backgrounds. Specifically, he asserted that some individuals had credit issues, some had arrest records or driving records, some had been terminated from past employment, some had poor military records, some had drug problems, and others lacked education

---

[1] Although White also invoked the Age Discrimination in Employment Act in his original complaint, he later voluntarily dismissed that claim.

and experience.

Relying on White's employment application and admissions in his deposition testimony, FDHSMV responded by emphasizing the significant adverse information in White's own background, including the facts that he: was disciplined while in the Marine Corps three times under Article 15 of the Uniform Code of Military Justice for disobeying orders and convicted by Court Martial on the fourth such charge; was dismissed from the Mississippi Highway Patrol Academy based on his attitude; "fixed" traffic tickets and asked other officers to do the same; had been involved in several traffic accidents and received several vehicular citations; had financial problems; and omitted information on his employment application. As a result, FDHSMV argued that White had not made out a prima facie case on his racial discrimination claim because he did not point to any similarly situated non-minority individuals who were hired. In this respect, it relied on an affidavit by a Lieutenant Castleberry, indicating that FDHSMV did not hire White due to the numerous issues in his background.

The magistrate ultimately issued a report, recommending that summary judgment be granted in FDHSMV's favor. With respect to White's racial discrimination claim, the magistrate found that White failed to make out a prima facie case because he could not show that any similarly situated

3

non-minority applicant was treated differently. In this regard, the magistrate found that, while White presented evidence "that particular persons had issues with credit problems, an arrest or criminal history, a problem in the military, no college degree and the like," he had not "pointed to one person" who was hired that had the same "number of problems in [as] many areas" as he had. Alternatively, the magistrate also concluded that, in light of White's background, FDHSMV had legitimate, non-discriminatory reasons for not hiring him, none of which were shown to be pretextual. The magistrate also dismissed White's retaliation claim on the ground that White had failed to exhaust his administrative remedies, as the events giving rise to the claim occurred after the commencement of the instant lawsuit. Overruling White's objections, the district court adopted the magistrate's report and granted summary judgment to FDHSMV.

## II.

We review the grant of summary judgment de novo. Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 (11th Cir. 2008). "Summary judgment is rendered 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed.R.Civ.P. 56(c)). "In making this assessment, the Court

4

must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." Id. (quotations and citations omitted).

"Title VII prohibits employers from discriminating 'against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir.) (quoting 42 U.S.C. § 2000e-2(a)), cert. denied, 129 S.Ct. 404 (2008). Where, as in this case, there is no direct evidence of discrimination, the plaintiff is required to "prove discrimination through circumstantial evidence, using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." Id.

A plaintiff may establish a prima facie case of racial discrimination by showing that: 1) he belongs to a protected class; 2) he was qualified to do the job; 3) he was subjected to an adverse employment action; and 4) his employer treated similarly situated employees outside his class more favorably. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008). "Under this framework, if the plaintiff establishes a prima facie case, the burden shifts to the employer to

5

articulate some legitimate, nondiscriminatory reason for the adverse employment action." Id. at 976 (quotation omitted). "If the employer does this, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination." Id. "A reason is not [a] pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." Brooks v. County Com'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quotation omitted).

## III.

White's only argument on appeal attacking the merits of the district court's summary judgment order is that FDHSMV "hired individuals outside [his] protected class that had greater background issues" than he did.[2] For support, White asserts, as he did below, that there were "individuals that had arrest records, individuals that had actually been disciplined as law enforcement officers, individuals with drug use issues, individuals that had bankruptcy issues, and finally, individuals that were not even qualified to perform the job."

However, White's assertion is insufficient to make out a prima facie case of discrimination, as he has not identified any non-minority individual who was hired

---

[2] White has abandoned any argument on appeal challenging the dismissal of his unlawful retaliation claim. See Horsley v. Feldt, 304 F.3d 1125, 1128, 1131 n.1 (11th Cir. 2001) (arguments not raised by a pro se litigant on appeal are abandoned).

with a background "nearly identical" to his.  See Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical . . . .").  As the district court correctly explained, this is so because, while White may have shown that some non-minority individuals had isolated issues in their backgrounds, he failed to identify any such individual that had the same "number of problems in [as] many areas" as he had.  For this same reason, the district court also correctly found that, even assuming arguendo that White did make out a prima facie case of discrimination, he failed to show that FDSHMV's legitimate, non-discriminatory reason for failing to hire him – the adverse information in his background – was a pretext for discrimination.  See Silvera v. Orange County School Bd., 244 F.3d 1253, 1259-62 (11th Cir. 2001).  Accordingly, we affirm the grant of summary judgment to FDHSMV.[3]

**AFFIRMED.**

---

[3] White also raises a number of miscellaneous arguments in his brief relating to the underlying litigation, but we conclude that they are all plainly without merit.