[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11792
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80436-DTKH


GARRETT TELFAIR,
TRAVIS TELFAIR,

                                                        Plaintiffs-Appellants,

versus

FEDERAL EXPRESS CORPORATION,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Garrett Telfair and Travis Telfair (collectively, "the Telfairs") appeal the district judge's order granting summary judgment for Federal Express Corporation ("FedEx"), in its action alleging racial discrimination, in violation of 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01(1)(a), and religious discrimination and failure to accommodate, in violation of FCRA. We affirm.

## I.   BACKGROUND

The Telfairs are African-American males and practicing Jehovah's Witnesses. In early 2009, while working as part-time couriers for FedEx in Palm Beach, Florida, the Telfairs learned they would be "redeployed" from a Monday-through-Friday work schedule to a Tuesday-through-Saturday schedule, resulting from a decrease in workloads on Mondays. Under FedEx's redeployment policy, affected employees could, in order of seniority, select from other available positions or elect to take 90 days of unpaid leave. Employees, who took the 90-day leave and did not find another position with FedEx, would be considered to have resigned voluntarily at the end of the 90-day period. Before the effective date of the redeployment, the Telfairs informed FedEx they could not work on Saturdays because of religious obligations. Both offered to work only Tuesday through Friday.

2

FedEx denied the Telfairs' request to continue working as couriers with Saturdays off, but offered the them "handler" positions. Handler positions would have entailed Monday-through-Friday schedules, but would have resulted in pay cuts from $22.53 to $17.35 per hour. The Telfairs declined the handler-position offers and were placed on 90-day leaves of absence effective March 10, 2009, following which they were given additional extensions of several weeks to seek open positions. During this time, at least 56 part-time positions, including several courier and handler positions with pay rates ranging from $16.78 to $22.53 per hour, were open at FedEx facilities throughout South Florida. The Telfairs did not apply for any of these open positions. Both men were deemed to have resigned voluntarily on August 3, 2009.

In May 2012, the Telfairs filed an amended complaint against FedEx and asserted claims of racial and religious discrimination. They argued FedEx's actions resulted in their constructive discharge and discriminated against them based on their religious beliefs, while similarly situated individuals outside of their class were provided with accommodations. FedEx moved for summary judgment on all claims and argued the Telfairs had not made prima facie cases of race or religion discrimination or a hostile work environment.[1] FedEx also contended (1) the Telfairs had not established a bona fide religious belief prevented them from

---

[1] The Telfairs withdrew their hostile-work-environment claims during oral argument on their summary judgment motions.

3

working on Saturdays, and (2) it had accommodated reasonably their purported bona fide religious beliefs by offering them handler positions and by providing a leave of absence to find other suitable positions.

The district judge granted FedEx's motions for summary judgments on all claims and concluded the Telfairs had not established prima facie race or religion discrimination claims. Regarding the Telfair's failure-to-accommodate claims, the judge concluded the Telfairs had submitted sufficient evidence to create triable issues as to whether: (1) their sincere, bona fide religious beliefs conflicted with an employment requirement; (2) they had informed FedEx of their beliefs and the conflict; and (3) they had suffered adverse employments actions. The judge, however, found FedEx had offered accommodations that were reasonable as a matter of law.

The Telfairs' challenges on appeal concern only their religious-accommodation claims. They argue the district judge erred when he concluded (1) no genuine issue of material fact existed concerning the reasonableness of FedEx's proffered religious accommodations, and (2) those accommodations were reasonable as a matter of law. The Telfairs contend the accommodations offered by FedEx were unreasonable, because they would have entailed less pay or longer commutes, would have impacted their prospects for promotion negatively, and would have resulted in a loss of seniority of six months. The Telfairs further assert

FedEx submitted no evidence it had investigated the feasibility of their proposed accommodations.

## II.  DISCUSSION

We review a district judge's order granting summary judgment de novo and view all of the facts in the record in the light most favorable to the non-moving party.  *Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1161-62 (11th Cir. 2006).  Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *Id.*; *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004); Fed. R. Civ. P. 56(a).  A genuine factual dispute exists if a jury could return a verdict for the non-moving party.  *Wilson*, 376 F.3d at 1085.

Under FCRA, it is unlawful for an employer to discharge any individual, or to otherwise discriminate against any individual, with respect to compensation, terms, conditions, or privileges of employment, because of his or her religion.  Fla. Stat. § 760.10(1)(a).  Decisions construing Title VII of the Civil Rights Act of 1964 ("Title VII") are applicable when considering claims brought under FCRA, which was patterned after Title VII.  *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387, 1389-90 (11th Cir. 1998).  To establish a prima facie religious-accommodation claim, a plaintiff must present evidence sufficient to prove: (1) he had a bona fide religious belief that conflicted with an employment requirement;

(2) he informed his employer of his belief; and (3) he was discharged for failing to comply with the conflicting employment requirement.[2] *Walden v. Ctrs. for Disease Control & Prevention*, 669 F.3d 1277, 1293 (11th Cir. 2012).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to show it is unable to accommodate reasonably the plaintiff's religious observance or practice without undue hardship to the defendant. *See id.* A reasonable accommodation is one that eliminates the conflict between employment requirements and religious practices. *Id.* An employer need not give an employee a choice among several accommodations; nor is the employer required to provide an employee with the employee's preferred accommodation or show undue hardship resulting from alternative accommodations proposed by the employee. *Id.* at 1293-94.

In *Walden*, we found an employer satisfied its obligation of providing a reasonable accommodation to an employee by encouraging the employee to obtain new employment with the company and offering the employee assistance in obtaining a new position. *See id.* We further recognized the employee had failed to comply with her own duty to make a good-faith attempt to accommodate her needs through the offered accommodation, which had been triggered by the employer's offer of a reasonable accommodation. *See id.* at 1294.

---

[2] Because neither party asserts otherwise, we assume, without deciding, that a religious-accommodation claim is cognizable under FCRA.

6

FedEx provided a reasonable accommodation to the Telfairs, when it offered them different positions that satisfied their scheduling criteria and provided them with a 90-day period and an additional extension of several weeks in which to secure other employment with the company.[3] *See id.* at 1293-94. Thus, FedEx was not required to accept any of the Telfairs' alternative accommodation requests or show those requests would result in undue hardship. *See id.*

The Telfairs have cited no binding authority for their argument that FedEx's offer to move them to handler positions was an unreasonable accommodation, because the positions would have entailed a pay cut of approximately 23%. They similarly have cited no binding authority for their assertions that the longer commutes associated with some open positions, for which they have submitted no evidence, or the potential loss of seniority for six months rendered FedEx's redeployment policy an unreasonable accommodation. Other than their own assertions, the Telfairs have shown nothing in the record to support their contention that transferring to another position would have imposed additional barriers to promotion. The Telfairs' speculation that no other position would have guaranteed they would not have to work on Saturdays similarly is unsupported by the record, especially given their failure to apply for any other positions. *See id.* at

---

[3] The Telfairs' allegation that they were deemed to have resigned on June 10, 2009, at the end of their initial 90-day leave period, is unsupported by the record. To the contrary, on August 3, 2009, FedEx informed them, as of that date, they were deemed to have resigned voluntarily, because of their failure to secure other positions with FedEx.

7

1294 (noting an employer's offer of a reasonable accommodation triggers a duty on the part of an employee to make a good-faith attempt to accommodate his needs through the offered accommodation).  Accordingly, the Telfairs have failed to show genuine issues of material fact sufficient to preclude summary judgment on their religious-accommodation claims against FedEx.

**AFFIRMED.**

8