[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14251
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-03214-JSM-TGW

MARY MELLS,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 15, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mary Mells appeals the district court's grant of summary judgment in favor of the Department of Veterans Affairs in her Title VII employment discrimination suit. The district court concluded Ms. Mells failed to create a jury question on whether racial bias was the reason for her failure to receive a promotion. We agree.

We review the district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Title VII prohibits employers, including the federal government, from discriminating against employees on the basis of race. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012) (citation omitted). To survive a motion for summary judgment plaintiff must offer sufficient evidence for a jury to find that the defendant discriminated against her. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Cutting to the core of the discrimination claim, Ms. Mells, "in her heart," believes "there was a possibility that [the interview] panel members were swayed" by Kristine Brown, the associate director of her office. Mells Deposition, D.E. 17–1, at 210:17–23. Although Ms. Mells may be inclined to follow her heart, we, like the district court, are required to follow the evidence. *See, e.g.*, *Brooks v. Cnty.*

*Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163–64 (11th Cir. 2006) (noting we are not concerned with an appellant's "belie[f] that she was more qualified").

Our review of that evidence shows that summary judgment was appropriate, and we adopt the district court's thorough order. There is no evidence that the four-person panel was motivated by racial animus when it chose two other finalists to be considered for the promotion. In fact, the undisputed record shows that the candidates who advanced past Ms. Mells scored higher during the interview process, and that Ms. Mells interviewed poorly. Ms. Mells concedes these points, but argues that Ms. Brown (who selected the four-member interview panel) was motivated by racial animus and injected herself into the interview process to prevent Ms. Mells from advancing to the final round. But the argument enjoys no support from the record. *See* Appellant's Br. at 9–12; Appellant's Reply Br. at 13.[1]

Accordingly, the record establishes Ms. Mells was interviewed by an unbiased panel who decided to promote who they thought to be more qualified applicants. Under those circumstances, we can glean no basis for Ms. Mells' employment discrimination claim.

**AFFIRMED.**

---

[1] For instance, Ms. Mells argues that after Ms. Brown injected herself into the interview process, by telling Debi "Bailey what she was looking for," Ms. Mells' ranking among the candidates fell. Appellant's Br. at 11. The cited conversation between Ms. Brown and Ms. Bailey, however, occurred prior to the interview and scoring process and therefore temporally forecloses Ms. Mells' argument.