[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2008
THOMAS K. KAHN
CLERK

No. 07-14493
Non-Argument Calendar

_____

D. C. Docket No. 05-02264-CV-2-SLB

SYDNEY DOMINIQUE TAYLOR,

Plaintiff-Appellant,

versus

ON TAP UNLIMITED, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 24, 2008)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Sydney Taylor, an Asian American, appeals from the district court's grant of

summary judgment in favor of her employer On Tap Unlimited, Inc. ("On Tap")[1] in her race discrimination suit under Title VII, 42 U.S.C. § 2000e-2(a)(1), and under 42 U.S.C. § 1981.[2] On appeal, Taylor argues that the district court erred in finding that she failed to establish pretext because she did not present evidence of sufficiently similar comparators to rebut On Tap's legitimate non-discriminatory reason for her termination. Specifically, she argues that On Tap's proffered rationale that she was terminated for intentionally charging an unauthorized tip to a customer's credit card was a pretext because a similarly situated white employee, Stephanie Brown, also charged an unauthorized tip and was not terminated. Taylor also argues that the district court made an improper credibility determination at the summary judgment stage when it credited Taylor's manager's honestly held belief surrounding the circumstances of the wrongful conduct. For the reasons that follow, we affirm.

## I. STANDARD OF REVIEW

We review a district court's order granting summary judgment de novo, "viewing all evidence, and drawing all reasonable inferences, in favor of the non-

---

[1] After initiating the lawsuit, Taylor discovered that Defendant-Appellee Got Beer, Inc., had been doing business as On Tap Unlimited, Inc., and her amended complaint named Got Beer, Inc., as the proper defendant. Because her employer was known to Taylor by the name of On Tap, we use that name herein to refer to the Defendant-Appellee.

[2] Title VII and § 1981 have the same requirements of proof and the same analytical framework. Standard v. A.B.E.L. Servs. Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

2

moving party." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is proper when the movant shows an absence of evidence to support an essential element of the nonmovant's case. McCaleb v. A.O. Smith Corp., 200 F.3d 747, 752 (11th Cir. 2000). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## II. DISCUSSION

Proceeding under the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), framework for a claim of employment discrimination based on circumstantial evidence, Taylor established a prima facie case for racial discrimination. She was a qualified member of a protected class; she was terminated; and she was replaced by an individual outside of her protected class. Hawkins v. Ceco Corp., 883 F.2d 977, 984-85 (11th Cir. 1989) (discussing elements of a prima facie case). Relying on the "work rule" defense, On Tap proffered a legitimate non-discriminatory reason for her termination: Taylor's manager, Mike Tucker, terminated her because he believed she intentionally charged an unauthorized tip on a customer's credit card. See Damon v.Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1363 (11th Cir. 1999) (discussing

3

work rule defense). Although Taylor asserts that she simply entered a tip twice by mistake, she does not dispute the facts that unquestionably establish that she charged an unauthorized $4.38 tip from her customer in violation of On Tap's employee policies. Having established a legitimate, non-discriminatory reason for her discharge, the burden of persuasion remains with Taylor to demonstrate that this reason is but pretext and that her termination was the result of racial discrimination. E.E.O.C. v. Joe's Stone Crabs, 296 F.3d 1265, 1273 (11th Cir. 2002).

At the summary judgment stage, the district court determined that Taylor could not carry her burden to demonstrate pretext. A plaintiff may demonstrate pretext by (1) showing that the legitimate nondiscriminatory reasons should not be believed; or (2) by showing that, in light of all the evidence, discriminatory reasons more likely motivated the decision than the proffered reasons. Standard v. A.B.E.L. Servs. Inc., 161 F.3d 1318, 1332 (11th Cir. 1998). "The plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). A reason is not a pretext for

4

discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. Brooks v. County Com'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006).

Taylor faces an uphill battle in this case. She has admitted to wrongdoing. See Damon, 196 F.3d at 1363 ("On summary judgment, we have written that the 'work rule' defense is arguably pretextual when a plaintiff submits evidence (1) that she did not violate the cited work rule, or (2) that if she did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated."). But even when good reasons—the factual bases for which are not rebutted—are proffered by an employer, a plaintiff, in some circumstances, can still show discrimination. Rojas v. Florida, 285 F.3d 1339, 1343 (11th Cir. 2002). To do so, however, a plaintiff mut show that employees outside the protected class with employment histories like the plaintiff's were not subject to the same adverse employment action as the plaintiff. Id. The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed. Lathem v. Department of Children Youth Services, 172 F.3d 786, 793 (11th Cir. 1999).

Taylor asserts that she established pretext because a white employee, Brown, about whom management had also received a complaint of an unauthorized tip,

had not been fired under sufficiently similar circumstances.  But Taylor overlooks an important distinction in the relevant conduct of the two employees: the evidence reasonably suggested that Brown's unauthorized charge was demonstrably a mistake.  Brown incorrectly recorded a $2 tip on one Visa card with a $9 tab, when no tip had been authorized; and on the correct Visa card—importantly, also with a $9 tab—she recorded no tip.  In other words, she transposed the authorized tips and charged a tip on the wrong card, and no tip on another card when it was authorized. Taylor did not similarly record a $0 sum tip on any of her credit card transactions that night.  Even assuming arguendo—and taking the facts in the light most favorable to Taylor—that she made a mistake and recorded a double tip by accident,[3] her manager was reasonable in his conclusion that her conduct was tangibly different from Brown's and likely the product of intentional misconduct, especially in light of the customer's complaint alleging prior unauthorized charges by Taylor.  Unlike Brown, Taylor did not enter a single $0 sum tip that evening; we are satisfied that from Taylor's manager's perspective there was sufficient evidence to suggest that Taylor's actions were willful, unlike Brown's actions. Therefore, Brown is not a sufficiently similar comparator for purposes of

---

[3] Another card that Taylor ran that night had authorized the $4.38 tip.  Unlike Brown, she ran the unauthorized charge through on a different type of card: one was a Visa and the other was an American Express.

demonstrating pretext.

Finally, Taylor argues that the district court made an improper credibility determination when it credited the reasonableness of Taylor's manager's testimony. We disagree. A mistaken but honestly held belief of an employee's wrongdoing will not vitiate the work rule defense. See Damon, 196 F.3d at 1363 n.3. Taylor failed to present any evidence to challenge the honesty of her manager's conclusions and professed explanation for firing Taylor; indeed, she admitted to having charged the unauthorized tip and only suggests that the manager should have considered whether she made a mistake. The district court did not make a credibility determination in its analysis below. It only relied on the manager's <u>unchallenged</u> testimony to demonstrate that Brown and Taylor were not similarly situated comparators.

## III. CONCLUSION

In short, because there was no evidence that On Tap's proffered reason was false or a mere pretext for a discriminatory reason, we

**AFFIRM**.[4]

---

[4] Both Appellant's and Appellee's requests for oral argument are denied.