[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15901
Non-Argument Calendar

_____

D. C. Docket No. 06-00566-CV-4-SPM-WCS

TAWANA MICHELLE DICKEY,

Plaintiff-Appellant,

versus

DOLLAR GENERAL CORPORATION,
DOLGENCORP, INC., a wholly
owned subsidiary of Dollar
General Corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 30, 2009)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro se plaintiff-appellant Tawana Dickey appeals from the district court's grant of summary judgment in favor of her former employer on her disability discrimination and retaliation claims, brought under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.10(1)(a) and (7).[1]

In her complaint, Dickey alleged that her former employer discriminated against her based on her medical diagnosis of sarcoidosis, an immune system disorder, and that she was ultimately terminated from her cashier job in retaliation for filing her claim with the Florida Commission on Human Relations (FCHR).

The district court granted summary judgment, finding that Dickey failed to establish a prima facie case of discrimination or retaliation. The district court found that Dickey did not meet her burden to show (1) a disability that substantially limited a major life activity, and (2) that she was a qualified individual because she could not perform the essential functions of her job with or without reasonable accommodation.[2] With respect to the retaliation claim, the district court found that Dickey failed to prove causation because she knew before she filed her FCHR claim that she was going to be terminated for her inability to do the work and her failure to provide a certificate of fitness to return to work.

---

[1] The district court exercised diversity jurisdiction over the complaint. 28 U.S.C. § 1332.

[2] The only accommodation Dickey suggested was to have another employee perform her lifting duties. The district court concluded that this accommodation was unreasonable.

2

This appeal followed.

On appeal, Dickey argues that she sufficiently demonstrated a disability and that she could perform the essential functions of the cashier job with a reasonable accommodation. She further argues that she introduced evidence sufficient to support her claim that she was terminated in retaliation for filing her discrimination complaint.

We review a district court order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-moving party. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate where the moving party demonstrates, through "pleadings, interrogatories, and admissions on file, together with the affidavits, if any," that no issue of material fact exists, and it is "entitled to judgment as a matter of law." Fed. R. Civ. P 56(c).

I. Discrimination

Disability discrimination claims under the FCRA are analyzed under the same framework as the Americans With Disabilities Act (ADA). Greenberg v. BellSouth Telecomms, Inc., 498 F.3d 1258, 1263-64 (11th Cir. 2007). "In order to establish a prima facie case of discrimination under the ADA, [a plaintiff] must demonstrate that [she] (1) is disabled, (2) is a qualified individual, and (3) was

3

subjected to unlawful discrimination because of [her] disability." Id. at 1263-64

(citation omitted).[3]

A plaintiff qualifies as disabled under the ADA "if [s]he has 'a physical or

mental impairment that substantially limits one or more of the major life

activities[.]'" Id. at 1264. A person is "substantially limited" in her ability to work

if she is "significantly restricted in the ability to perform either a class of jobs or a

broad range of jobs in various classes." Cash v. Smith, 231 F.3d 1301, 1306 (11th

Cir. 2000).

To avoid summary judgment in a disability discrimination case, the plaintiff

must provide evidence sufficient for a jury to find that she was "a qualified

individual with a disability," meaning that she was "otherwise qualified" for the

job in that she could perform the essential functions of that job with or without

reasonable accommodation. Lucas v. Grainger, 257 F.3d 1249, 1255-56, 1258

(11th Cir. 2001) (citations omitted). "An employer unlawfully discriminates

against a qualified individual with a disability when the employer fails to provide

'reasonable accommodations' for the disability - unless doing so would impose

undue hardship on the employer. . . . An accommodation can qualify as

_____

[3] All of the conduct alleged in Dickey's complaint occurred prior to the effective date of the ADA Amendments Act of 2008 ("ADAAA"), Pub.L. No. 110-325, 122 Stat. 3553 (2008), which became effective on January 1, 2009. Dickey has not asserted that the Act should be applied retroactively, and we therefore do not address the possible retroactivity of the ADAAA.

4

'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job." Id. (citations omitted).

Here, the district court properly concluded that Dickey failed to establish a prima facie case of discrimination. Assuming for the sake of argument that Dickey was disabled, Dickey failed to show that she was a qualified individual who could perform the essential functions of her job with or without a reasonable accommodation.

Dickey admitted that her medical condition prevented her from lifting more than 15 pounds or standing for long periods of time, which she knew were essential requirements of the position when she was hired. The only accommodation Dickey requested was that someone else perform all the significant lifting tasks otherwise assigned to her. Such an accommodation was not reasonable. "An employer is not required by the ADA to reallocate job duties in order to change the essential functions of a job." Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1528 (11th Cir. 1997).

Because Dickey failed to show that she was a qualified individual or that Dollar General refused to make a reasonable accommodation, summary judgment on Dickey's disability claim was appropriate and we affirm the district court's ruling on this issue.

5

II. Retaliation

A plaintiff can establish a retaliation claim through either direct or circumstantial evidence.[4] Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1358 (11th Cir. 1999). Direct evidence is defined as "evidence, which, if believed, proves the existence of a fact in issue without inference or presumption. Evidence that only suggests discrimination [or retaliation], or that is subject to more than one interpretation, does not constitute direct evidence." Merritt, 120 F.3d at 1189.

Proceeding with direct evidence has been referred to as the "traditional framework" for proving discrimination and requires the plaintiff produce evidence from which the trier of fact could conclude, more likely than not, that an adverse employment decision was made based on a protected characteristic. See Wright v. Southland Corp., 187 F.3d 1287, 1289-90 (11th Cir. 1999). If the plaintiff is successful in carrying this initial burden, the trier of fact is required to consider all of the evidence and determine whether a protected personal characteristic was the

---

[4] The McDonnell Douglas Corp v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden-shifting analysis applies to cases involving circumstantial evidence. The plaintiff must first show that she established a prima facie case of retaliation. The employer then puts forth a legitimate, non-retaliatory reason for its decision. The burden then shifts back to the plaintiff to show that the reason given was a pretext for retaliation. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008). The McDonnell Douglas burden shifting and pretext analysis does not apply to claims of direct evidence of retaliation. Merritt, 120 F.3d at 1191.

cause of an adverse employment decision vel non. Id.; see also Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir. 1997) ("Where the non-movant presents direct evidence that, if believed by the jury, would be sufficient to win at trial, summary judgment is not appropriate even where the movant presents conflicting evidence.") (citations omitted).

Here, in her opposition to summary judgment, Dickey provided sworn testimony that a Dollar General district manager expressly informed her in a phone call that she was terminated, in part, because she had filed a claim with the FCHR. This proffer constitutes direct evidence because finding a retaliatory motive based on this statement requires no inference or presumption. Because the district court analyzed the claim only under the burden-shifting analysis applicable to circumstantial evidence, the district court's ruling regarding Dickey's retaliation claim must be reversed and the case remanded for further proceedings, as direct evidence sufficient to create a genuine issue of material fact precludes summary judgment under our precedent. Merritt, 120 F.3d at 1189. On remand, the district court should consider whether or not the protected activity was the cause of Dickey's termination.

**AFFIRMED IN PART, REVERSED IN PART.**