[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17037

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-04720-CV-5-CLS

TELESA HESTER,

                                                        Plaintiff-Appellant,

versus

NORTH ALABAMA CENTER FOR EDUCATIONAL EXCELLENCE,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 17, 2009)

Before DUBINA, Chief Judge, BIRCH and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Appellant Telesa Hester appeals the district court's grant of summary judgment in favor of the North Alabama Center for Educational Excellence ("NACEE") in her employment discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), 3(a), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Hester's complaint alleges that she was paid less than male employees engaged in substantially equal work in violation of Title VII, 42 U.S.C. § 2000e-2(a), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and that she was unlawfully retaliated against in violation of Title VII, 42 U.S.C. § 2000e-3(a).

On appeal, Hester first argues that the district court erred in finding that her Title VII wage discrimination claim was untimely under the Supreme Court's decision in *Ledbetter v. Goodyear Tire and Rubber*, 550 U.S. 618, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007). Second, Hester argues that the district court erred when it granted NACEE's motion for summary judgment on her Equal Pay Act claim based on finding that the pay differential was explained by a factor other than sex, specifically, the relative experience levels of the coordinators. Finally, Hester argues that the district court erred when it determined she could not establish a *prima facie* case of retaliation under 42 U.S.C. § 2000e-3(a). We agree with Hester's arguments, and, accordingly, vacate the district court's judgment and

remand for further proceedings.

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.,* 446 F.3d 1160, 1161-62 (11th Cir. 2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed. R. Civ. P. 56(c)). "A genuine factual dispute exists if the jury could return a verdict for the non-moving party." *Id.* (internal quotation marks omitted).

At oral argument, the parties agreed that Hester's Title VII wage discrimination claim was due to be remanded to the district court in light of the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (2009), signed into law on January 29, 2009, and made retroactive to all Title VII wage discrimination claims pending on or after May 28, 2007. Pub. L. No. 111-2, § 6, 123 Stat. 5, 7 (2009). Under the Act, an unlawful employment act occurs each time an employee is paid under a discriminatory compensation scheme. 42 U.S.C. § 2000e-5(3)(A). Because Hester has shown that NACEE continued to pay her under the same compensation scheme through the time she filed her EEOC charge,

her claim is not untimely. Thus, the district court's grant of summary judgment on the basis of untimeliness is vacated and the claim is remanded to the district court.

Similarly, Hester's Title VII retaliation claim requires reconsideration in light of *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006). The district court applied this court's pre-*Burlington* standard to Hester's retaliation claim and required her to show that she suffered "an adverse employment action" that had a "tangible, negative effect on her employment." (R. 25 at 25.) In *Burlington*, the Supreme Court broadened the type of employer conduct considered actionable under Title VII's retaliation provision and held that a plaintiff need only show that the employer's actions were "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 57, 126 S. Ct. at 2409. *Accord Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008). This court has recognized that the standard for proving a *prima facie* case of retaliation under Title VII is now "decidedly more relaxed" than the standard applied by the district court. *Crawford*, 529 F.3d at 973. Therefore, we vacate and remand Hester's Title VII retaliation claim for further consideration under *Burlington*, 548 U.S. 53, 126 S. Ct. 2405, and *Crawford*, 529 F.3d 961.

The district court's grant of summary judgment in favor of NACEE on

Hester's Equal Pay Act claim is also vacated and remanded to the district court, as there is a genuine issue of material fact as to whether the pay differential can be explained by a factor other than sex.

**VACATED AND REMANDED.**