[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13230
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cv-81265-KAM

LIDIA CONNELL,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lidia Connell appeals the summary judgment in favor of the Postmaster General and against her complaint that she was terminated as a mail carrier in retaliation for filing charges about being harassed because she was Brazilian, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-16. The district court ruled that Connell failed to establish that the legitimate reasons proffered for her termination were pretexts for retaliation. We affirm.

The district court did not err by entering summary judgment in favor of the Postmaster General. Connell failed to present evidence that the legitimate reasons offered for her termination were pretextual. See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006). The Postmaster General submitted a declaration from Connell's manager, Frank Molinario, a written notice of termination, and the deposition of Jeldrys Lowry, an agent of the Office of the Inspector General, and that evidence established that Connell was terminated for taking customer mail and for artificially inflating the amount of mail she delivered to increase her pay. Connell submitted her own affidavit and the affidavit of a coworker averring that the decisionmaker, Molinario, did not like Connell because of her pronounced accent and her charges of discrimination, but those affidavits failed to create a genuine factual dispute about the legitimacy of the proffered explanations for her termination. See id. ("A reason is not pretext for discrimination unless it is shown both that the reason was false, and that

2

discrimination was the real reason.").  The Postmaster General established that Molinario terminated Connell based on the independent findings of the Office of the Inspector General that Connell falsified mail records and took her customers' mail and the nonchalant attitude she displayed when Molinario interviewed her about taking that mail.  Connell filed only two charges about being harassed.  She filed her first charge in October 2007 and withdrew it in December 2007, and she did not file her second charge until the end of April 2009, more than one month after the Office of the Inspector General began its investigation.

We **AFFIRM** the summary judgment in favor of the Postmaster General.