[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11370
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03466-WSD


ROBERT CUSICK,

Plaintiff-Appellant,

versus

YELLOWBOOK, INC.,
a Delaware corporation,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 20, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Cusick appeals from the district court's grant of summary judgment in favor of his employer, Yellowbook, on his association discrimination claim filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(4).[1]  On appeal, Cusick argues that the district court erred in finding that no material disputed facts existed with regard to his *prima facie* case of association discrimination and his evidence that Yellowbook's reason for demoting him—his deficient leadership skills—was a pretext for unlawful discrimination based on the known disability of his daughter.

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party, and drawing all reasonable inferences in their favor.  *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir. 2005).  Summary judgment is appropriate if the movant shows that no genuine issue of material fact exists, and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To overcome a motion for summary judgment, the non-moving party must present more than a "mere scintilla" of evidence supporting his position, because "there must be enough of a

---

[1]  Cusick also raised claims for association discrimination under the ADA based upon his termination and for retaliation.  However, he did not address these claims in his response to Yellowbook's motion for summary judgment, and the district court properly deemed them abandoned.  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (holding that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").  Moreover, Cusick has waived review of these claims on appeal by failing to address them in his brief.  *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318-19 (11th Cir. 2012) (stating that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal").

showing that a jury could reasonably find for that party." *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

The ADA protects a "qualified individual" from discrimination on the basis of disability in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines the term "discriminate" to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." Id. § 12112(b)(4). We may evaluate disability discrimination and association discrimination claims brought under the ADA using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), under which the plaintiff must first establish a *prima facie* case of disability discrimination. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

To establish a *prima facie* case of association discrimination under the ADA, the plaintiff may show: "(1) that [he] was subjected to an adverse employment action; (2) that [he] was qualified for the job at that time; (3) that [his] employer knew at that time that [he] had a relative with a disability; and (4) that the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in the employer's decision." *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th

3

Cir. 2001) (quotations and brackets omitted).  If a plaintiff establishes a *prima facie* case of discrimination and the defendant articulates a legitimate, nondiscriminatory reason for the adverse employment action, the burden then shifts to the plaintiff to show that the defendant's legitimate, nondiscriminatory reason is a pretext for unlawful disability discrimination.  *Id.* at 1242-43.

Pretext means that the reason given by the employer was not the real reason for the adverse employment decision.  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997).  An employee can show that the employer's articulated reason was false by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation.  *Id.* at 1538 (quotation omitted).  However, a reason is not a pretext for discrimination unless the plaintiff shows both that the reason was false and that discrimination was the real reason.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993).  The inquiry into pretext is concerned with the employer's beliefs, not the employee's perceptions of his performance.  *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997).  Furthermore, we do not "sit as a super-personnel department that reexamines an entity's business decisions." *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1501 (11th Cir. 1991) (quotation omitted).

Assuming, *arguendo*, that Cusick was qualified for a relevant management position with Yellowbook (in light of the fact the position he previously held was

4

eliminated in the company's restructuring), he failed to establish a *prima facie* case because he did not demonstrate that his daughter's medical condition, or the health care costs of her condition, was a determinative factor in Yellowbook's decision to demote him. *See Wascura*, 257 F.3d at 1242. There was no testimony suggesting that either Michels or Terrizzi—Cusick's supervisors who made the decision to demote him—bore any discriminatory animus against either Cusick or his daughter. Nor was there any evidence that Michels or Terrizzi knew the costs of Cusick's daughter's medical treatment or whether such costs were increasing Yellowbook's insurance premiums.

Moreover, even if Cusick had established a *prima facie* case, he failed to show that his employer's legitimate, nondiscriminatory reason for demoting him— his deficient leadership skills—was a pretext for disability discrimination, because he merely disagrees with the decisionmakers' perceptions of his leadership shortcomings. *See Holifield*, 115 F.3d at 1565; *Alphin*, 940 F.2d at 1501. In fact, reflecting upon his termination and performance, Cusick expressly acknowledged that "[t]he disappointments clearly outweigh the accomplishments." Given the absence of evidence that either Michels or Terrizzi harbored any discriminatory animus or even knew whether Cusick's daughter was imposing increased costs on Yellowbook, and in the context of the substantial restructuring Yellowbook was undertaking at the time, we cannot conclude that Cusick has created genuine issues

5

of fact with respect to whether Cusick's daughter's medical condition was a determinative factor in Yellowbook's employment decisions.

Upon review of the record and consideration of the parties' briefs, we affirm the grant of summary judgment.

**AFFIRMED.**