[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11089
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-04074-SGC

RODNEY G. BROWN,

Plaintiff-Appellant,

versus

SHELBY COUNTY
BOARD OF EDUCATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 19, 2017)

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Rodney Brown appeals the district court's grant of summary judgment in favor of his former employer, Shelby County Board of Education ("Board"), on his claims for race discrimination and retaliation, in violation of 42 U.S.C. §§ 2000e-2, 3 ("Title VII"), and 42 U.S.C. § 1981.[1]  No reversible error has been shown; we affirm.

Beginning in 2001, Plaintiff (an African-American male) was employed by the Board as a high school special-education teacher.  Plaintiff completed his master's degree in special education in 2005 and became state-certified as an educational administrator in 2006.

Between 2009 and 2013, Plaintiff applied for 11 vacant administrator or assistant principal positions at schools within the Board's control.  Plaintiff contends that, in each case, the Board hired a less-qualified white candidate instead of Plaintiff.  Plaintiff asserts that the Board's repeated failure to promote him was as a result of race discrimination and -- with respect to three of the rejections -- was also done in retaliation for Plaintiff's having earlier filed a charge of discrimination with the Equal Employment Opportunity Commission.

---

[1] In his complaint, Plaintiff also purported to assert claims based on equal protection and for discrimination on the basis of his religion.  Because Plaintiff raises no argument about these claims on appeal, they are not before us.

The district court granted the Board's motion for summary judgment. The district court first determined that the Board had identified legitimate, nondiscriminatory reasons for hiring the selected candidates instead of Plaintiff and that Plaintiff had failed to show that the Board's proffered reasons were pretext for race discrimination. About Plaintiff's claim for retaliation, the district court concluded that Plaintiff failed to establish a prima facie case because he had failed to demonstrate a causal connection between his protected activity and the Board's hiring decisions. Further, the district court determined that Plaintiff had failed to demonstrate that the Board's legitimate, non-retaliatory reasons were pretextual.

We review de novo the district court's grant of summary judgment. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). And we view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Id.

I.

Title VII makes it unlawful for an employer to discriminate on the basis of an employee's race. 42 U.S.C. § 2000e-2(a)(1). The elements of a section 1981 claim in the employment context are the same as the elements of a Title VII claim. Rice-Lamar v. City of Ft. Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000).

Plaintiff bears the ultimate burden of proving -- by a preponderance of the evidence -- that the Board discriminated unlawfully against him. See Crawford v. Carroll, 529 F.3d 961, 975 (11th Cir. 2008). Because Plaintiff presented only circumstantial evidence of discrimination, we apply the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[2] Id. at 976.

If an employee establishes a prima facie case of discrimination, the employer must then proffer a legitimate, nondiscriminatory reason for the adverse employment act. Id. If the employer meets its burden of production, the inference of discrimination created by the plaintiff's prima facie case is rebutted and drops out of the case. Vessels, 408 F.3d at 768. The burden then shifts back to the employee to produce sufficient evidence from which a reasonable factfinder could determine that the employer's articulated reasons are a pretext for unlawful discrimination. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006). To establish pretext, the employee must "meet the proffered reason head on and rebut it." Id. (alterations omitted). "A reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.'" Id. (emphasis in original).

---

[2] On appeal, Plaintiff asserts for the first time that he can establish a Title VII violation based on a "mixed-motives" theory. Because Plaintiff failed to raise this argument in the district court, we will not consider it on appeal.

4

That Plaintiff established a prima facie case for race discrimination is undisputed. Accordingly, the burden shifted to the Board to articulate a legitimate, nondiscriminatory reason for not hiring Plaintiff. Briefly stated, the Board contended that -- for each position for which Plaintiff applied -- the Board selected a candidate who was more qualified, had more leadership experience, and who performed better in their interview than did Plaintiff. The Board also presented specific evidence documenting each of the selected candidate's leadership experience and qualifications and, where applicable, the interviewers' impressions of Plaintiff's interview compared to the interview of the selected candidate. On this record, the Board's stated reasons for not hiring Plaintiff were sufficient to satisfy the Board's burden of production. See Kidd v. Mando Am. Corp., 731 F.3d 1196, 1205 (11th Cir. 2013) (an employer satisfies its burden of proffering a legitimate, nondiscriminatory reason for failing to promote an employee when it states -- in a manner specific enough for the plaintiff to rebut -- that the candidate who was hired was more qualified); Chapman v. AI Transp., 229 F.3d 1012, 1033 (11th Cir. 2000) (en banc) (when supported by a "clear and reasonably specific" basis, an employer's stated reason that a candidate interviewed poorly constitutes a legitimate, nondiscriminatory reason for not hiring an applicant).

The burden thus shifted back to Plaintiff to produce sufficient evidence to allow a reasonable factfinder to determine that the Board's stated reasons were

false and that race discrimination was the real reason for the Board's hiring decisions.  Plaintiff first contends that he was more qualified than each of the selected candidates.  But "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the person who received the position he coveted."  Kidd, 731 F.3d at 1206 (alterations omitted).  Instead, a "plaintiff must show that the disparities between the successful applicant's and [his] own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff."  Id.  We stress that "[w]e are not in the business of adjudging whether employment decisions are prudent or fair.  Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."  Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999).

Here, Plaintiff has failed to show that he was more qualified than the selected candidates, let alone that his qualifications so far exceeded the selected candidates' qualifications that no reasonable person could have hired the selected candidates over Plaintiff.  Apart from other job candidates interviewing better, the evidence -- viewed in the light most favorable to Plaintiff -- shows objectively that each of the selected candidates had more years of experience than did Plaintiff in

teaching or in working with the pertinent age group, or in working in leadership roles, or in more than one of these job-related categories.

Plaintiff also contends that he has presented other circumstantial evidence from which a reasonable factfinder could conclude that the Board's stated reasons were pretextual. Plaintiff first says that, in 2007 and 2008, the Board employed no black males in administrator positions and that, in 2009, an accreditation organization recommended the Board implement a plan to recruit more minority administrators. Nothing evidences, however, that the Board's interview and hiring process discriminated intentionally against minorities or against Plaintiff on account of race.

Plaintiff also contends that two of the people involved in the hiring process had demonstrated "racial animus" in the past. In particular, one person said in his deposition -- when asked if he had "ever used a racial slur" -- that he "would be lying if I said that there has not been a time in my life where there has been an unfortunate joke told or something of that nature." The second person posted on Facebook a photograph of himself wearing a "hoodie" immediately following the July 2013 verdict in the Trayvon Martin case (in which a white man was acquitted of murdering a black teenager who had been wearing a hooded sweatshirt). We are unpersuaded that this conduct -- not focused on Plaintiff or tied to the Board's hiring decisions -- constitutes evidence sufficient to raise a triable issue that the

7

Board's stated reasons were false or that the real reason for the Board's hiring decisions was race discrimination.

Plaintiff has failed to show that the Board's articulated reasons were pretext for race discrimination; the district court granted properly the Board's motion for summary judgment.

## II.

About Plaintiff's claim for retaliation, employers are barred under both Title VII and section 1981 from retaliating against an employee or an applicant for employment who engages in statutorily-protected activity.  See 42 U.S.C. § 2000e-3(a); Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1257-58 (11th Cir. 2012).  To establish a prima facie case for retaliation, a plaintiff must show that he engaged in a statutorily-protected activity and suffered an adverse employment action that was causally related to the protected activity.  Gate Gourmet, Inc., 683 F.3d at 1258.  Once a plaintiff establishes a prima facie case of retaliation, and the employer articulates a legitimate, non-retaliatory reason for the challenged employment action, the burden shifts to the plaintiff to offer evidence that the employer's stated reason is pretextual.  Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010).

The district court committed no error in granting the Board's motion for summary judgment on Plaintiff's retaliation claim.  Even if we assume -- without deciding -- that Plaintiff has established a prima facie case for retaliation, the Board has offered legitimate, non-retaliatory reasons for not hiring Plaintiff: that Plaintiff was less qualified and did not perform as well in his interview as did the selected candidates.  As we have already discussed, Plaintiff has failed to show that the Board's stated reasons for not hiring Plaintiff were pretextual.

AFFIRMED.