[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12782
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00124-WKW-WC


WANDA JURRIAANS,

Plaintiff-Appellant,

versus

ALABAMA COOPERATIVE EXTENSION SYSTEM,
AUBURN UNIVERSITY,
GARY LEMME,
in his official capacity,
STANLEY WINDHAM,
in his official capacity,
CHRIS MCCLENDON,
in his official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 23, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Wanda Jurriaans appeals the district court's grant of summary judgment to her former employer, the Alabama Cooperative Extension System; Auburn University; and four individuals, Gary Lemme, Stanley Windham, Chris McClendon, and Kyle Kostelecky, in their official capacities (collectively, ACES). Summary judgment resolved Jurriaans' claims of age discrimination and retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. On appeal, Jurriaans argues that the district court erred in granting summary judgment to ACES on her age-discrimination claim because she showed that ACES's proffered reasons for terminating her were pretextual or, alternatively, otherwise showed ACES's discriminatory intent. She also argues that the district court erred in granting summary judgment to ACES on her retaliation claim because she showed that retaliation was the but-for cause of her termination and that ACES's proffered reasons for terminating her were pretextual. For the following reasons, we affirm.

I.

"We review a district court's grant of summary judgment de novo, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir.

2017) (emphasis omitted).  "Summary judgment is appropriate when the movant demonstrates that there is no genuine issue of material fact and it is entitled to judgment as a matter of law."  *Id.*; *accord* Fed. R. Civ. P. 56(a).

## II.

The ADEA prohibits employers from discharging an employee who is at least 40 years of age "because of" that employee's age.  *See* 29 U.S.C. §§ 623(a)(1), 631(a).  Where, as here, a plaintiff seeks to establish age discrimination through circumstantial evidence, we use the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999).  Under that framework, if the plaintiff establishes a prima facie case, and the employer proffers legitimate, nondiscriminatory reasons for its employment decision, then the plaintiff must show that the employer's proffered reasons were pretext for discrimination.  *Id.* at 1359–61.

To establish pretext, "[e]vidence already introduced to establish the prima facie case may be considered."  *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 921 (11th Cir. 1993).  Ultimately, however, the plaintiff "must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action."  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

3

To show pretext, the plaintiff must "demonstrate that the proffered reason was not the true reason for the employment decision." *Brooks v. Cty. Comm'n of Jefferson Cty.*, 446 F.3d 1160, 1163 (11th Cir. 2006). An employee can show that the employer's articulated reason was not believable by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation. *Id.* In the end, a plaintiff cannot prove that a reason is pretextual unless she shows "*both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

A plaintiff cannot show pretext by recasting an employer's proffered nondiscriminatory reason or substituting her business judgment for that of the employer's. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). Rather, the plaintiff "must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Id.* Ultimately, "our inquiry is limited to whether the employer gave an honest explanation of its behavior." *Id.*

"The inquiry into pretext centers on the employer's beliefs, not the employee's . . . ." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010). When an employer asserts that it fired the plaintiff for poor performance, it is not enough for the plaintiff to show that her performance was satisfactory. *See id.* Rather, she must demonstrate that the employer did not

believe that her performance was lacking, and it merely used that claim as a cover for discriminating against her based on her age. *See id.* at 1266–67.

Outside of the *McDonnell Douglas* framework, a litigant will also survive summary judgment if "[s]he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (internal quotation mark omitted). For example, the plaintiff could demonstrate, among other things, (1) "suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn"; (2) "systematically better treatment of similarly situated employees"; and (3) "the employer's justification is pretextual." *See Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019) (alteration accepted).

Here, Jurriaans did not produce evidence to create a genuine issue of material fact as to pretext or discriminatory intent. From the start of litigation, ACES maintained that it fired Jurriaans because of her inconsistent job performance, her poor relationships with coworkers, and her strained relationships with county officials. Jurriaans presented no evidence that showed that ACES's reasons were false, and she presented insufficient evidence of discriminatory

5

intent. Therefore, the district court correctly granted summary judgment for ACES.

To start, Jurriaans argues that a genuine issue of material fact exists as to pretext because she and others say she performed her job well. But that does not matter. *See Alvarez*, 610 F.3d at 1266. What matters is whether ACES fired her based on its sincere assessments of her performance. It appears ACES did—and, more importantly, Jurriaans offered no evidence that suggests otherwise. Even if we considered Jurriaans's efforts as an attempt to show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in ACES's proffered explanation,[1] *see Brooks*, 446 F.3d at 1163, they still fail because ACES never said she was all bad—they said she was "inconsistent," an opinion that Jurriaans failed to show was dishonestly held and not the real reason for her suspension or firing.

Additionally, Jurriaans offered insufficient evidence of discriminatory intent to survive summary judgment. No reasonable jury would infer ageism from "code

---

[1] "As we repeatedly have admonished, 'arguments raised for the first time in a reply brief are not properly before a reviewing court.'" *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (alteration accepted). In her reply brief, Jurriaans makes new arguments utilizing this standard to undermine ACES's proffered reasons. To consider those arguments would be unfair because ACES cannot respond, so we will not consider them. But even if we did, and we thought they showed that ACES's reasons were false, Jurriaans still failed to produce enough evidence that age discrimination was the real reason for her suspension and firing. *See St. Mary's Honor Ctr.*, 509 U.S. at 515.

words" in Jurriaans's evaluations that correspond to legitimate business interests. And no reasonable jury—with proper evidentiary context—would infer ageism from multiple invitations to attend a retirement-planning meeting. Jurriaans did not rebut evidence that many people of a range of ages, not just her, were invited to and attended a retirement planning meeting. Nor could she show that she was invited differently or more frequently than others were. Beyond that, as the district court recognized, employers have a legitimate interest in ensuring that their employees get information about retirement. Finally, Jurriaans takes issue with the fairness of her investigation (and other business interactions), but she offers no evidence that she was treated less fairly than anyone else, much less because of her age. Therefore, she failed to carry her burden of production under *McDonnell Douglas*.

Apart from the *McDonnell Douglas* framework, we do not see a mosaic of circumstantial evidence—much less a convincing one—suggesting an issue of discriminatory intent. Summary judgment was clearly warranted on this claim. Accordingly, we affirm the district court's dismissal.

III.

The ADEA also contains an anti-retaliation provision, which makes unlawful an employer's discrimination against an employee "because [she] has made a charge" of age discrimination. 29 U.S.C. § 623(d). "To establish a prima

7

facie case of retaliation, plaintiffs must prove that: (1) they engaged in statutorily protected conduct; (2) they suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193–94 (11th Cir. 2016). Then the employer may "articulate a legitimate, non-retaliatory reason for the challenged employment action." *Id.* at 1194. If the employer does so, the plaintiff must show that the employer's reason was pretextual. *Id.*

Only causation and pretext are at issue. Ultimately, the employee must prove that retaliation was the but-for cause of the employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). Importantly, "when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity . . . does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006).

Here, Jurriaans did not establish a triable issue of fact as to causation between her age-discrimination complaint and her suspension or firing. The evidence supports ACES's timeline of events showing that Jurriaans was on notice of serious job-performance issues well before she complained of age discrimination. So any closeness in time between Jurriaans's complaint and suspension or firing does not suffice to show causation. *See Drago*, 453 F.3d at 1308. And yet that is the only evidence of causation to which Jurriaans points.

8

And, in any event, Jurriaans also did not produce enough evidence to create a genuine issue of material fact regarding pretext. In conclusory fashion, Jurriaans argues that she produced "substantial evidence," but we disagree. Even upon an independent look at the record, we do not see enough evidence for a reasonable jury to infer causation or pretext.

Here too summary judgment was warranted. Accordingly, we affirm.

**AFFIRMED.**